DAVID WM. ENGELMAN, SBA #004193
EMILY L. FAHRENBACH, SBA #028304
**ENGELMAN BERGER, P.C.**
3636 NORTH CENTRAL AVENUE, SUITE 700
PHOENIX, ARIZONA 85012

Ph: (602) 271-9090
Fax: (602) 222-4999
Email: dwe@eblawyers.com
Email: elf@eblawyers.com

Attorneys for Arizona Federal Credit Union

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>MARTIN S. SOSA AND MARTHA E. SOSA,<br><br>Debtors. | Chapter 13<br><br>Case No. 2:11-bk-11523-CGC<br><br>**STIPULATED ORDER FOR AVOIDANCE OF DEED OF TRUST LIEN** |

This matter comes before the Court pursuant to the stipulation and agreement (the "Stipulation") between Martin S. Sosa and Martha E. Sosa (the "Debtors") and Arizona Federal Credit Union, a secured creditor and party-in-interest ("AZFCU"). Through this Stipulated Order, the Debtors and AZFCU have agreed to the entry of an order avoiding AZFCU's junior position deed of trust on the Debtors' residence located at 5038 South Montezuma Street, Phoenix, Arizona 85041, subject to the terms and conditions stated herein. The Debtors and AZFCU have reached the agreements set forth herein for mutual consideration, and in the respective judgment of the Debtors, for the benefit of the bankruptcy estate.

In relation to this matter, the Court FINDS and CONCLUDES as follows:

**I.     FINDINGS OF FACT**

1. The Debtors filed a voluntary petition commencing a Chapter 13 proceeding on April 22, 2011 (the "Filing Date") under Case No.2:11-bk-11523-CGC.

2. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (K) and (O).

3. The Debtors are the owners of the real property located at 5038 South Montezuma Street, Phoenix, Arizona 85041 (the "Property"), which Property is the principal residence of the Debtors. The Property is legally described as:

> A TRACT OF LAND SITUATED IN THE WEST HALF OF SECTION TWENTY-NINE (29), TOWNSHIP ONE (1) NORTH, RANGE THREE (3) EAST OF THE GILA AND SALT RIVER BASE AND MERIDIAN, MARICOPA COUNTY, ARIZONA, AND BEING A PART OF THE LAND HERETOFORE CONVEYED BY MARY A. ROSS AND GEORGE E. ROSS TO ANDREW J. CASE BY DEED RECORDED IN BOOK 205 OF DEEDS, PAGE 228, RECORDS OF MARICOPA COUNTY, ARIZONA, HEREINAFTER REFERRED TO AS THE CASE LAND, SAID TRACT BEING DESCRIBED AS FOLLOWS: THE COURSES OF THE LINES BEING BASED ON AN ASSUMED BEARING OF SOUTH 00 DEGREES 07 MINUTES WEST FROM THE WEST LINE OF THE SOUTHWEST QUARTER OF THE NORTHWEST QUARTER OF SAID SECTION 29, TO-WIT:
>
> FROM THE NORTHWEST CORNER OF THE SOUTHEAST QUARTER OF THE NORTHWEST QUARTER OF SAID SECTION 29, RUN SOUTH 89 DEGREES 31 MIN 30 SEC EAST 575.20 FEET TO THE SOUTHWEST CORNER OF BROADWAY ACRES, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE MARICOPA COUNTY RECORDER, IN BOOK 29 OF MAPS, PAGE 12, SAID CORNER BEING MARKED WITH AN IRON PIPE; THENCE SOUTH 89 DEG 52 MIN EAST ALONG THE SOUTH LINE OF BROADWAY ACRES 461.20 FEET TO A POINT MARKED WITH AN IRON PIPE, SAID POINT BEING THE NORTHWEST CORNER OF THE CASE LAND; THENCE SOUTH 89 DEG 52 MIN EAST 287.91 FEET TO A POINT FROM WHICH A POINT MARKED WITH AN IRON PIPEBEARS NORTH 00 DEG 22 MIN EAST 163.05 FEET; THENCE SOUTH 00 DEGREES 22 MINUTES WEST 353.23 FEET TO THE SOUTH LINE OF THE CASE LAND; THENCE SOUTH 74 DEG 33 MIN WEST ALONG THE SOUTH LINE OF THE CASE LAND 136.86 FEET; THENCE NORTH 171.18 FEET; THENCE NORTH 08 DEG 19 MIN 25 SEC WEST 69.08 FEET; THENCE NORTH 89 DEG 52 MIN WEST 148.48 FEET TO THE WEST LINE OF THE CASE LAND; THENCE NORTH ALONG THE WEST LINE OF THE CASE LAND 151.55 FEET TO THE TRUE POINT OF BEGINNING.

4. On or about February 14, 2008, the Debtors obtained a loan from AZFCU in the original principal amount of $93,374.52, as evidenced by the *"Second Mortgage Closed-End Note, Disclosure, and Loan Agreement"* (the "Property Note").

5. The Property Note is secured by a valid and perfected second-position deed of trust on the Property in favor of AZFCU (the "AZFCU Deed of Trust").

ENGELMAN BERGER, P.C.
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012

6. On April 22, 2011, the Debtors filed their *"Chapter 13 Plan and Application for Payment of Administrative Expense"* (the "Plan").

7. Section (J) of the Plan alleges that the debt owed to the holder of the senior deed of trust on the Property exceeds the value of the Property, and that the Property Note is therefore wholly unsecured. The Plan seeks to "strip off" the AZFCU Deed of Trust pursuant to 11 U.S.C. §506.

8. AZFCU and the Debtors stipulate and agree to "strip off" the AZFCU Deed of Trust strictly upon the terms and conditions set forth in this Stipulated Order. The Court finds that the Stipulation is in the best interest of the estate.

## II. ORDER

Based on the foregoing, and the entire record before the Court, and good cause appearing, it is hereby ORDERED as follows. AZFCU and the Debtors are sometimes referred to herein individually as a "Party" and collectively as the "Parties."

A. **Avoidance of AZFCU Deed of Trust.** Upon the completion of all of the terms and conditions of the Plan and the entry of a discharge pursuant to 11 U.S.C. §1328(a), the AZFCU Deed of Trust shall be avoided and shall be of no further force or effect. Such avoidance shall become immediately effective upon the entry of the discharge, but until such time, the AZFCU Deed of Trust shall remain in full force and effect. Within thirty (30) days after successful completion of the Plan and the entry of a discharge pursuant to 11 U.S.C. §1328(a), AZFCU will provide the Debtors with a release of the AZFCU Deed of Trust.

B. **Effect of Conversion or Dismissal.** In the event that this bankruptcy case is dismissed or converted to a proceeding under Chapter 7 prior to the entry of a discharge under 11 U.S.C. §1328(a), then the AZFCU Deed of Trust shall remain in full force and effect and shall not be subject to avoidance.

C. **Sale or Refinance of Property.** Notwithstanding any other term or provision herein to the contrary, in the event that the Debtors sell or refinance the Property prior to the completion of the Plan and receipt of a discharge under 11 U.S.C. §1328(a), the AZFCU Deed of Trust shall be avoided to accommodate such sale or refinancing.

D. **General Unsecured Claim.** AZFCU shall have an allowed general unsecured claim in the amount of $124,353.03, which represents the principal balance of $94,594.02 due under the Property Note, plus interest through the Filing Date in the amount of $29,759.01.

E. **Foreclosure of First Deed of Trust.** In the event that the holder of the first-position lien against the Property forecloses its security interest and extinguishes the AZFCU Deed of Trust prior to completion of the Plan and receipt of a discharge under 11 U.S.C. §1328(a), the AZFCU Deed of Trust shall attach to any surplus proceeds of such foreclosure sale for the full amount due under the Property Note at the time of such sale.

F. **Costs and Attorneys' Fees.** Each Party shall bear its own costs and attorneys' fees incurred in connection with AZFCU's objection to the "strip off" provisions of the Plan.

G. **Notice and Finality.** A copy of the Notice of Filing this Stipulated Order shall be served by Arizona Federal Credit Union on all creditors and parties-in-interest entitled to such notice under Bankruptcy Rule 9019 and Local Rule 9013-1(k). If no objections are timely received within twenty-one (21) days from the date of such service, this Stipulated Order will become final. If objections are received, they will be considered by this Court by notice and hearing. The noticing procedure provided herein shall constitute sufficient notice to all creditors and parties-in-interest.

**DATED AND SIGNED ABOVE.**

AGREED AS TO FORM AND CONTENT:

_/s/ Emily L. Fahrenbach_
David Wm. Engelman
Emily L. Fahrenbach
Attorney for Arizona Federal Credit Union

_/s/_
Amanda Nelson
Attorneys for Debtors