RONALD L. HOFFBAUER 006888
DAVID WROBLEWSKI & ASSOCIATES, P.C.
2020 N, CENTRAL AVENUE
SUITE 1100
PHOENIX, AZ 85004
TELEPHONE: (602) 266-4570
FAX: (602) 687-8373
EMAIL: ronaldh@arizonalawcenter.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA - PHOENIX DIVISION

In re
MARTIN S SOSA
MARTHA E SOSA

Case No. 2:11-bk-11523-CGC

FIRST AMENDED CHAPTER 13 PLAN AND APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSES

Debtor(s).

SSN xxx-xx-1271     SSN xxx-xx-6745

☐ Original
☒ Amended
☐ Modified

5038 SOUTH MONTEZUMA
PHOENIX, AZ 85041

☐ Plan payments include post-petition mortgage payments

This Plan may affect creditor rights. **If you object to the treatment of your claim as proposed in this Plan, you must file a written objection by the deadline set forth in a Notice of Date to File Objections to Plan served on parties in interest.** If this is a joint case, then "Debtor" means both Debtors. This plan does not allow claims or affect the timeliness of any claim. To receive payment on your claim, you must file a proof of claim with the Bankruptcy Court, even if this Plan provides for your debt. The applicable deadlines to file a proof of claim were specified in the Notice of Commencement of Case. Except as provided in § 1323(c), a creditor who disagrees with the proposed treatment of its debt in this Plan must timely file an objection to the Plan.

If this is an Amended or Modified Plan, the reasons for filing this Amended or Modified Plan are: Debtors were involved in an accident and their vehicle was declared a total loss. This amended plan removes the lien holder as a secured creditor.

(A)  **Plan Payments and Property to be Submitted to the Plan.**

  (1)  Plan payments start on **MAY 23, 2011**. The Debtor shall pay the Trustee as follows:

  $ 325.00  each month for month   1  through month   7 . (MAY 2011 THROUGH NOVEMBER 2011)
  $ 475.00  each month for month   8  through month   8 . (DECEMBER 2011)
  $   0.00  each month for month   9  through month  13 . (JANUARY 2012 THROUGH MAY 2012)
  $ 325.00  each month for month  14  through month  60 . (JUNE 2012 THROUGH APRIL 2016)

  The proposed plan duration is  60  months. The applicable commitment period is  60  months. Section 1325(b)(4).

  (2)  In addition to the plan payments, Debtor will submit the following property to the Trustee: **-NONE-**

(B)  **Trustee's Percentage Fee.** Pursuant to 28 U.S.C. § 586(e), the Trustee may collect the percentage fee from all payments and property received, not to exceed 10%.

1

Software Copyright (c) 1996-2010 CCH INCORPORATED - www.bestcase.com                                                        Best Case Bankruptcy

Case 2:11-bk-11523-DPC   Doc 48   Filed 07/03/12   Entered 07/03/12 08:59:11   Desc
Main Document    Page 1 of 7

(C) **Treatment of Administrative Expenses, Post-Petition Mortgage Payments and Claims.** Except adequate protection payments under (C)(1), post-petition mortgage payments under (C)(4), or as otherwise ordered by the Court, the Trustee will make disbursements to creditors after the Court confirms this Plan. Unless otherwise provided in Section (J), disbursements by the Trustee shall be pro rata by class (except adequate protection payments) and made in the following order:

(1) *Adequate protection payments.* Section 1326(a)(1)(C) requires adequate protection payments to be made to creditors secured by personal property. Pursuant to Local Bankruptcy Rule 2084-6, the Trustee is authorized to make preconfirmation adequate protection payments to the certain secured creditors without a Court order, provided the claim is properly listed on Schedule D, the creditor files a secured proof of claim that includes documentation evidencing a perfected security agreement, and the debtor or creditor sends a letter to the Trustee requesting payment of preconfirmation adequate protection payments. The Trustee will apply adequate protection payments to the creditor's secured claim. After confirmation, unless the Court orders otherwise, adequate protection payments will continue in the same amount until claims to be paid before these claimants are paid in full, unless the confirmed plan or a court order specifies a different amount. **If a secured creditor disagrees with the amount of the proposed adequate protection payments or the plan fails to provide for such payments, the creditor may file an objection to confirmation of this plan, file a motion pursuant to §§ 362, 363, or do both.**

| Creditor | Property Description | Monthly Amount |
|---|---|---|
| CHECKMATE | 1994 GMC 1500<br>MILEAGE: 235,000 | 53.00 |

☐ See Section (J), Varying Provisions.

(2) *Administrative expenses.* Section 507(a)(2).

(a) Attorney fees. Debtor's attorney received $ **1,000.00** before filing. The balance of $ **3,000.00** or an amount approved by the Court upon application shall be paid by the Trustee. See Section (F) for any fee application.

(b) Other Administrative Expenses. [Describe]

☐ See Section (J), Varying Provisions.

(3) *Leases and Unexpired Executory Contracts.* Pursuant to § 1322(b), the Debtor assumes or rejects the following lease or unexpired executory contract. For a lease or executory contract with an arrearage to cure, the arrearage will be cured in the plan payments with regular monthly payments to be paid direct by the Debtor. The arrearage amount to be adjusted to the amount in the creditor's allowed proof of claim.

(a) Assumed:

| Creditor & Property Description | Estimated Arrearage Amount | Arrearage Through Date |
|---|---|---|
| -NONE- | | |

(b) Rejected:

| Creditor | Property Description |
|---|---|
| -NONE- | |

☐ See Section (J), Varying Provisions.

2

Software Copyright (c) 1996-2010 CCH INCORPORATED - www.bestcase.com    Best Case Bankruptcy

Case 2:11-bk-11523-DPC    Doc 48    Filed 07/03/12    Entered 07/03/12 08:59:11    Desc
Main Document    Page 2 of 7

(4) *Claims Secured <u>Solely</u> by Security Interest in Real Property*. A creditor identified in this paragraph may mail the Debtor all correspondence, notices, statements, payment coupons, escrow notices, and default notices concerning any change to the monthly payment or interest rate without such being a violation of the automatic stay. Unless stated below, Debtor is to pay post-petition payments direct to the creditor and prepetition arrearages shall be cured through the Trustee. No interest will be paid on the prepetition arrearage or debt unless otherwise stated. The arrearage amount is to be adjusted to the amount in the creditor's allowed proof of claim. Except as provided in Local Bankruptcy Rule 2084-23, if a creditor gets unconditional stay relief the actual cure amount to be paid shall be adjusted by the Trustee pursuant to the creditor's *allowed* proof of claim. If the Debtor is surrendering an interest in real property, such provision is in paragraph (E). The Debtor is retaining real property and provides for each such debt as follows:

| Creditor/Servicing Agent & Property Description | Collateral Value & Valuation Method | Post-Petition Mortgage Payments | Estimated Arrearage | Arrearage Through Date |
|---|---|---|---|---|
| **PHH MORTGAGE CORPORATION** **SINGLE FAMILY RESIDENCE: 5038 SOUTH MONTEZUMA, PHOENIX, AZ 85041** | **150,000.00** **Licensed Real Estate Appraisal** | **2,070.00** ☒ Debtor will pay direct to creditor; or ☐ Included in Plan payment. Trustee will pay creditor. | **2,692.01** | **04/21/2011** |

☒ See Section (J), Varying Provisions.

(5) *Claims Secured by Personal Property or a Combination of Real and Personal Property*. Pursuant to § 1325(a), secured creditors listed below shall be paid the amount shown as the Amount to be Paid On Secured Claim, with such amount included in the Plan payments. However, if the creditor's proof of claim amount is less than the Amount to be Paid on Secured Claim, then only the proof of claim amount will be paid. Any adequate protection payments are as provided in Section (C)(1) above. If a creditor fails to file a secured claim or files a wholly unsecured claim, the debtor may delete the proposed payment of a secured claim in the order confirming plan.

| Creditor & Property Description | Debt Amount | Value of Collateral and Valuation Method | Amount to be Paid On Secured Claim | Interest Rate |
|---|---|---|---|---|
| **ARIZONA FEDERAL CREDIT UNION** **2005 INFINITI G35** **MILEAGE: 100,000** | | **14,600.00** **www.kellybluebook.com** | **0.00** | |
| **CHECKMATE** **1994 GMC 1500** **MILEAGE: 235,000** | **1,227.34** | **5,285.00** | **1,227.34** | **5.25** |

☒ See Section (J), Varying Provisions.

(6) *Priority, Unsecured Claims*. All allowed claims entitled to priority treatment under § 507 shall be paid in full pro rata.

(a) Unsecured Domestic Support Obligations. The Debtor shall remain current on such obligations that come due after filing the petition. Unpaid obligations before the petition date to be cured in the plan payments.

| Creditor | Estimated Arrearage Amount | Arrearage Through Date |
|---|---|---|
| -NONE- | | |

(b) Other unsecured priority claims.

| Creditor | Type of Priority Debt | Estimated Amount |
|---|---|---|
| -NONE- | | |

☐ See Section (J), Varying Provisions.

(7) *Codebtor Claims*. The following codebtor claim is to be paid per the allowed claim, pro rata before other unsecured, nonpriority claims.

| Creditor | Codebtor Name | Estimated Debt Amount |
|---|---|---|
| -NONE- | | |

☐ See Section (J), Varying Provisions.

3

(8) *Unsecured Nonpriority Claims.* Allowed unsecured, nonpriority claims shall be paid pro rata the balance of payments under the Plan.

☐ See Section (J), Varying Provisions.

(D) **Lien Retention.** Secured creditors shall retain their liens until payment of the underlying debt determined under nonbankruptcy law or upon discharge, whichever occurs first. Federal tax liens shall continue to attach to property excluded from the bankruptcy estate under 11 U.S.C. § 541(c)(2) until the Internal Revenue Service is required to release the liens in accordance with non bankruptcy law.

☐ See Section (J), Varying Provisions.

(E) **Surrendered Property.** Debtor surrenders the following property to the secured creditor. Upon confirmation of this Plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to the collateral to be surrendered. Any secured claim filed by such creditor shall receive **no** distribution until the creditor files an allowed unsecured claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. *Should the creditor fail to file an amended unsecured claim consistent with this provision, the Trustee need not make any distributions to that creditor.*

| Creditor | Property Being Surrendered |
|---|---|
| -NONE- | |

(F) **Attorney Application for Payment of Attorney Fees.** Counsel for the Debtor has received a pre-petition retainer of $ **1,000.00** , to be applied against fees and costs incurred. Fees and costs exceeding the retainer shall be paid from funds held by the Chapter 13 Trustee as an administrative expense. Counsel will be paid as selected in paragraph (1) or (2) below:

(1) **Flat Fee.** Counsel for the Debtor has agreed to a total sum of $ **4,000.00** to represent the Debtor. Counsel has agreed to perform the following services through confirmation of the plan:

☐ All of the below, except Additional Services.
☒ Review of financial documents and information.
☒ Consultation, planning, and advice, including office visits and telephone communications.
☒ Preparation of Petition, Schedules, Statement of Financial Affairs, Master Mailing List.
☒ Preparation and filing of Chapter 13 Plan, Plan Analysis, and any necessary amendments.
☒ Attendance at the § 341 meeting of creditors.
☒ Resolution of creditor objections and Trustee recommendations, and attendance at hearings.
☒ Reviewing and analyzing creditor claims for potential objections, and attendance at hearings.
☒ Responding to motions to dismiss, and attendance at hearings.
☒ Responding to motions for relief from the automatic stay, and attendance at hearings.
☒ Drafting and mailing of any necessary correspondence.
☒ Preparation of proposed order confirming the plan.
☒ Initial appearance in defense of an adversary proceedings.
☒ Representation regarding the pre-filing credit briefing and post-filing education course.

**Additional Services.** Counsel for the Debtor has agreed to charge a flat fee for the following additional services provided to the Debtor after confirmation of the plan:

- ☒ Preparation and filing of Modified Plan $ **750.00** .
- ☒ Preparation and filing of motion for moratorium $ **750.00** .
- ☒ Responding to motion to dismiss, and attendance at hearings $ **750.00** .
- ☐ Defending motion for relief from the automatic stay or adversary proceeding $__ .
- ☒ Preparation and filing of any motion to sell property $ **750.00** .
- ☒ Other

**Responding to complex motions for relief from the automatic stay and attendance at contested or evidentiary hearings thereon... Fee $750.00.**

**Preparing and filing Motions to Incur Debt and attendance at hearings thereon... Fee $750.00.**

**Prosecuting avoidance of voluntary lien secured by real property and attendance at hearings thereon... Fee $1,500.00.**

All other additional services will be billed at the rate of $ **265.00** per hour for attorney time and $ **100.00** per hour for paralegal time. Counsel will file and notice a separate fee application detailing the additional fees and costs requested. Counsel will include *all* time expended in the case in the separate fee application.

☐ See Section (J), Varying Provisions.

(2) **Hourly Fees.** For hourly fees to be paid as an administrative expense, counsel must file and notice a separate fee application detailing the additional fees and costs requested. The application must include all time expended in the case.

Counsel has agreed to represent the Debtor for all services related to the Chapter 13 bankruptcy to be billed at the rate of $__ per hour for attorney time and $__ per hour for paralegal time.

☐ See Section (J), Varying Provisions.

(G) **Vesting.** Property of the estate shall vest in the Debtor upon confirmation of the Plan. The following property shall not revest in the Debtor upon confirmation: *[Describe or state none]*

**-NONE-**

☐ See Section (J), Varying Provisions.

(H) **Tax Returns.** While the case is pending, the Debtor shall provide to the Trustee a copy of any post-petition tax return within thirty days after filing the return with the tax agency. The Debtor has filed all tax returns for all taxable periods during the four-year period ending on the petition date, except: *[not applicable or describe unfiled returns]*.

**N/A**

(I) **Funding Shortfall.** Debtor will cure any funding shortfall before the Plan is deemed completed.

(J) **Varying Provisions.** The Debtor submits the following provisions that vary from the Local Plan Form, Sections (A) through

**(C) Payments disbursed by the Trustee shall be paid in the following order: (a) first to administrative claims, including adequate protection; (b) then to secured claims, paid pro-rata; (c) then to priority unsecured claims, paid pro-rata; (d) then to general unsecured claims, paid pro-rata.**

5

Software Copyright (c) 1996-2010 CCH INCORPORATED - www.bestcase.com                    Best Case Bankruptcy

Case 2:11-bk-11523-DPC    Doc 48    Filed 07/03/12    Entered 07/03/12 08:59:11    Desc
Main Document    Page 5 of 7

(C) If a secured creditor does not file a timely objection to confirmation of the Plan then it is deemed to have accepted treatment of its claim under the plan, irrespective of the filing of a secured proof of claim. 11 U.S.C. §1325(a)(5)(A). In the event that a priority unsecured creditor fails to file a priority unsecured claim before confirmation or files a general unsecured claim, the Debtor may delete the proposed payment of the priority unsecured claim in the order confirming the Plan with no additional notice.

(C)(4) Maricopa County Treasurer: Notwithstanding the Plan provision that "[p]repetition arrearages shall be cured through the Trustee," no funds shall be paid to the Maricopa County Treasurer through Plan by the Trustee, and any and all pre-petition and post-petition accrued and accruing real property taxes, including any applicable interest, shall be paid direct by the Debtors to the creditor outside of this Plan.

(C)(4) Arizona Federal Credit Union: This creditor, or its successors in interest and/or assigns including but not limited to MERS, holds a voluntary lien, also called a Deed of Trust, against the Debtors' real property described below, and such lien is recorded in the Office of the Maricopa County Recorder, in the State of Arizona, at fee number 2005-1712206. The value of the subject real property is $150,000.00 and was valued in accordance with that certain real estate appraisal prepared by Lance Billingsley with Billingsley Appraisal Group. A true and correct copy of the foregoing valuation will be filed concurrently with the Plan and is incorporated herein by reference. The value of the subject real property is insufficient to secure all prior perfected liens against the subject real property and, as a direct result, no equity exists in the subject real property to secure this creditor's lien. Therefore, the Debtors shall file an adversary proceeding avoiding the lien of this creditor. As a result of the avoidance of the lien of this creditor, this creditor shall not be paid through the Plan as a secured creditor, or direct by the Debtors, rather any filed claim of this creditor for this debt shall be classified as a general unsecured claim and paid in accordance with Section (C)(8) of the Plan.
    Assessor's Parcel Number: 113-32-150A

    Street Address: 5038 S. MONTEZUMA RD. PHOENIX, AZ, 85041

    Legal Description: A TRACT OF LAND SITUATED IN THE WEST HALF OF SECTION TWENTY-NINE (29) TOWNSHIP ONE (1) NORTH, RANGE THREE (3) EAST OF THE GILA AND SALT RIVER BASE AND MERIDIAN, MARICOPA COUNTY, ARIZONA, AND BEING A PART OF THE LAND HERETOFORE CONVEYED BY MARY A. ROSS AND GEORGE E. ROSS TO ANDREW J. CASE BY DEED RECORDED IN BOOK 205 OF DEEDS, PAGE 228, RECORDS OF MARICOPA COUNTY, ARIZONA, HEREINAFTER REFERRED TO AS THE CASE LAND, SAID TRACT BEING DESCRIBED AS FOLLOWS: THE COURSES OF THE LINES BEING BASED ON AN ASSUMED BEARING OF SOUTH 00 DEG 07 MIN WEST FROM THE WEST LINE OF THE SOUTHWEST QUARTER OF THE NORTHWEST QUARTER OF SAID SECTION 29, TO-WIT:

FROM THE NORTHWEST CORNER OF THE SOUTHEAST QUARTER OF THE NORTHWEST QUARTER OF SAID SECTION 29, RUN SOUTH 89 DEG 31 MIN 30 SEC EAST 575.20 FEET TO THE SOUTHWEST CORNER OF BROADWAY ACRES, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE MARICOPA COUNTY RECORDER, IN BOOK 29 OF MAPS, PAGE 12, SAID CORNER BEING MARKED WITH AN IRON PIPE; THENCE SOUTH 89 DEG 52 MIN EAST ALONG THE SOUTH LINE OF BROADWAY ACRES 461.20 FEET TO A POINT MARKED WITH AN IRON PIPE, SAID POINT BEING THE NORTHWEST CORNER OF THE CASE LAND; THENCE SOUTH 89 DEG 52 MIN EASE 287.91 FEET TO A POINT FROM WHICH A POINT MARKED WITH AN IRON PIPE BEARS NORTH 00 DEG 22 MIN EAST 163.05 FEET; THENCE SOUTH 00 DEG 22 MIN WEST 353.23 FEET TO THE SOUTH LINE OF THE CASE LAND; THENCE SOUTH 74 DEG 33 MIN WEST ALONG THE SOUTH LINE OF THE CASE LAND 136.86 FEET; THENCE NORTH 171.18 FEET; THENCE NORTH 08 DEG 19 MIN 25 SEC WEST 69.08 FEET; THENCE NORTH 89 DEG 52 MIN WEST 148.48 FEET TO THE WEST LINE OF THE CASE LAND; THENCE NORTH ALONG THE WEST LINE OF THE CASE LAND 151.55 FEET TO THE TRUE POINT OF BEGINNING.

(C)(5) Arizona Federal Credit Union: Arizona Federal Credit Union has filed two claims in the case wherein they list the Debtors' 2005 Infiniti G35 as collateral for the loan. The vehicle was involved in an accident and has been declared a total loss. In order to settle the claim, State Farm Insurance will settle the secured claim directly with Arizona Federal Credit Union. Any remaining amounts on either or both of the secured claims filed by Arizona Federal Credit Union will be treated as unsecured. In order to receive any disbursements through the plan, Arizona Federal Credit Union must file an amended claim to assert any deficiency after receipt and application of the funds received from State Farm.

(C)(5) Interest Rate: The interest rate to be paid on all secured claims listed below, u
nless otherwise stated, shall be the sum of the prime rate as stated below and the risk adjustment factor as stated below. The current prime rate of interest as of the date the initial Plan is filed in this case, as reported in the Wall Street Journal (in accordance with information reviewed at http://www.bankrate.com), is 3.25%. The risk adjustment factor under this Plan is 2.0%. The factors taken into account to determine the risk factor include the status of the debt at filing (see below), prior bankruptcy filings (see the Voluntary Petition filed in this case), Plan feasibility, the nature of the security and the liquidity of same, and equal treatment of similarly situated creditors.

6

(K) **Plan Summary**. If there is a discrepancy between paragraphs (A) - (J) and paragraphs (K) - (M), then the provisions of paragraphs (A) - (J) and the confirmed plan control.

| | | | |
|---|---|---|---:|
| | (1) | Trustee's compensation (10% of plan payments) | $ 1,802.50 |
| | (2) | Ongoing post-petition mortgage payments | $ 0.00 |
| | (3) | Administrative expenses and claims | $ 3,000.00 |
| | (4) | Priority claims | $ 0.00 |
| | (5) | Prepetition mortgage or lease arrears, or amount to cure defaults, including interest | $ 2,692.01 |
| | (6) | Secured personal property claims, including interest | $ 1,352.45 |
| | (7) | Amount to unsecured nonpriority claims | $ 9,178.00 |
| | (8) | **Total of plan payments** | $ 18,025.00 |

(L) **Section 1325 Analysis.**

  (1) *Best Interest of Creditors Test:*

| | | |---:|
| (a) | Value of Debtor's interest in nonexempt property | $ 5,756.29 |
| (b) | Plus: Value of property recoverable under avoiding powers | $ 0.00 |
| (c) | Less: Estimated Chapter 7 administrative expenses | $ 1,325.62 |
| (d) | Less: Amount to unsecured, priority creditors | $ 0.00 |
| (e) | **Equals:** Estimated amount payable to unsecured, nonpriority claims if Debtor filed Chapter 7 | $ 4,430.67 |

Paragraph (2) to be completed by debtors whose current monthly income exceeds the state's median income.

  (2) *Section 1325(b) Analysis:*

| | | |---:|
| (a) | Monthly disposable income under § 1325(b)(2), Form B22C, Statement of Current Monthly Income | $ 210.14 |
| (b) | Applicable commitment period | $ 60 |
| (c) | Section 1325(b)(2) monthly disposable income amount multiplied by 60 | $ 12,608.40 |

(M) **Estimated Amount to Unsecured Nonpriority Creditors Under Plan** — $ 9,178.00

Dated: May 23, 2011

/s/ MSS (1271)
**MARTIN S SOSA**
Debtor

/s/ MES (6745) Martha E. Sosa
**MARTHA E SOSA**
Debtor

/s/ RLH (006888)
**RONALD L. HOFFBAUER 006888**
Attorney for Debtor
**DAVID WROBLEWSKI & ASSOCIATES, P.C.**
**2020 N. CENTRAL AVENUE SUITE 1100**
**PHOENIX, AZ 85004**

*rev. 12/09*